Okay, Mr. Palermo. May it please the court. This is a case where unbridled deference has led to an unjust and absurd result. Let me tell you my problem here. The definition of bodily injury resulting from accident and independent of other causes. Now, have you got, there's no evidence in the record to support that there were independent causes? Your Honor, this happened in Mexico. You could never have, I suggest, an exclusion of all other possible causes. If that's what the accidental death policy, if that's what we're going to use, it ought to come with a Surgeon General warning, it ought to come with a boycottization examination, and it's almost, it's a sucker bet. What is the accident? I mean, there's all these cases where it's a car accident, obviously that's an accident, and then the people are, judges are deciding, well, was it caused by a pre-existing medical condition, like epilepsy or something, but here I'm not even clear what the accident was. I mean, if the tank had failed, I see that that's an accident, but you seem to have backed away from that. So what is the accident? Your Honor, great question. The U.S. Navy has defined accident, an all-diving accident. It's a very common term. Drowning, drowning would be an accident, I think. If you're drowning to that, yeah. So here's the way to accidentally die while diving. You can have the bends where a bubble comes out of your bloodstream, gets in your joints or in your spine, that's an all-diving accident. You can drown, and you can have a lung overexpansion injury. It's very common. That's why they tell people, most important rules in scuba diving, never hold your breath, always descend slowly, because we know, and the Navy knew with 18-year-olds, that in four feet of water, you can have a lung overexpansion injury. It happens, even with healthy people. So the U.S. Navy says in the diving manual, as a basic rule, any breath of compressed gas from any source at depth whose surface is unconscious, loses consciousness, or has any obvious neurological symptoms within 10 minutes of reaching the surface must be assumed to be suffering from arterial gas embolism. There's no question in the literature that arterial gas embolism in diving is a diving accident. That's like... Even without showing an equipment malfunction. Equipment is rarely a malfunction. It's kind of back in the days when they thought that airplanes were always the cause, it's mostly the pilot. So it's a matter of physics. There's a lot that goes into, you breathe compressed gas at depth, you ascend, if you hold your breath, even momentarily, especially in that last atmosphere, 33 feet to the surface, you can have a lung overexpansion injury. The severity of it may range from simply subcontinuous emphysema, where you have kind of like crackling of the chest, or in its worst case, an arterial gas embolism at the surface where the classic sign, the person comes up, he's, you know, he flails for a little bit, they get him on the boat, he goes unconscious, and the rest just kind of goes that path. If they're able to get him to a hyperbaric chamber, quickly he may have a chance to reduce that bubble and regain some life, but most of the time it doesn't work out well. The doctors looked at the dive report and said there was no indication this guy came up too fast, which would be, I assume that would be one cause of a, probably the main cause of a lung rupture. You're exactly right, Judge. Going up too fast, holding your breath, are causes, and those are accidental. No one intends that to happen. So it is an accident. This fails the man on the street test. Well, but my point is that the expert said that he saw no indication from the dive report that the facts of the immersion were related to the lung rupture. Well, he's relying on, no deposition was taken of anybody. This is a dive report from Cozumel, Mexico. If you've been diving in Cozumel, Mexico, you know that you may not be dealing with a college-educated dive master there. All we've got, though. All you've got. But Arruda, and we cited Arruda v. Zurich American, it's a district, of course it's a district court, Massachusetts case, recent though, 2019, 366 Federal Supplement 175, Arruda suffered from hypertension. He didn't follow his doctor's orders. He had a pacemaker. He didn't take his medication. He crosses the median and gets in a crash, dies at the scene. And he had a pacemaker three months or five months before the crash. Of course, Zurich denied it. And one of the things they relied upon, though, was that the responding officer said that in a conclusory statement that, you know, Arruda suffered a catastrophic medical event. Of course, he didn't have any medical training. Whether the dive master said that he ascended normally, you can ascend normally and still have a lung overexpansion injury. If you hold your breath, there's no great way other than you can see bubbles, but nobody's watching that close. This wasn't an ascent where someone is going hand over hand over an anchor line. In Cozumel, they do drift diving. There's no line. That's one of the hazards of diving in Cozumel is because you don't have a good visual reference. You can be slightly over or underweighted with lead and look at something, hold your breath, because that's what people do when they kind of do any kind of work. And holding your breath gives you some buoyancy, and you start coming up. And that alone can give you a lung overexpansion injury. So there's all sorts of reasons that it could happen. The bottom line is, no one disputes that an arterial gas embolism, a lung overexpansion injury, is a diving accident. What the defense says... You've given reasons why that doctor's conclusion might not be the truth, but there's experts on both sides. I mean, with the deference standard, why isn't that enough? You don't have to get to the experts, Your Honor. The medical literature alone, all say... I did the U.S. Diving Manual. There might be evidence for your position. I think there is some evidence for your position. But if there's evidence the other way, because, for example, he didn't ascend quickly, which is an indication it wasn't this lung issue, why, given the deference standard we have to apply, doesn't that require affirming? We always lose. I want to come back to life as a ERISA-funded insurer. And this is a case where it's clearly an accident. No one... To be able to put us with the burden that we have to exclude all other possibilities, who can ever do that these days with medical science? That's what the law says. They only have to show substantial evidence. We're not going to rewrite the law, even if we're sympathetic to how it should be written. That's not our job. You know what the standards are. They don't have substantial evidence, Your Honor. They have... Putting it on me that there is... shown excluded every other possible cause. Who can do that? No claimant will ever be able to exclude every other possible cause. They can't. Not this day in medical science. When you go to the doctor, they could find 100 things wrong with you on any given day of the week, much less someone that is in a foreign country, has an event, and has an accidental death policy. These accident cases are automobile accidents, so where there'd be a less likelihood there'd be some independent cause involved. Well, Aruda, which is cited, that recent case out of Massachusetts, granted, it's a district court case. But this case is on all fours in terms of the logic and the language is the same. The defense is the other causes had an exclusion for losses caused by or contributed to resulting from illness, disease, regardless of how contracted. So, you know, when Zurich denied the claim and said Mr. Aruda's health conditions were not the immediate cause of death, but most likely triggered the loss of control that lead to erratic driving and fatal bodily injuries, the court found those pieces of evidence insubstantial at best, including the reliance on the responding officer. So this concludes the causation assessments. And Dr. Nelson, a fine doctor, worked for, does consulting just like my expert does for Diver's Alert Network. He admits whatever the trigger, it is possible the initial event led to the ascent, and the ascent led to air embolism. That's a pill record 588. There's no evidence of this initial event. But even if there was, what difference does it make? It's a garden variety diving accident. And putting it on the claimant to rule out every other possible cause is just too onerous. That's not what Congress intended. If that's the case, that these accidental death policies, I'm old enough to remember back in the day you go in the airport, they had those sucker bets, where they had those pamphlets, where you could buy accidental death policies before you got on the airplane. Surely, a risk of accidental death, where you're doing it for your employees, deserves better than a sucker bet. Because if you're a motorcycle rider, if you're a scuba diver, if you do anything outdoors, and if you have any medical history, God forbid you're going to be able to collect under an accidental death policy if you have a decent lawyer and check the boxes and touch the bases. That's all that they did here. Form is elevated over substance injustice in this case. So a route is the path. It's not controlling. You have plenty of cases that you can check off and send me home. I get it. And I read. I had my law clerk look at all of your ERISA cases, and for good reasons, there wasn't a claimant that she found that had succeeded. But you didn't have any case like this. You did not have any case like this, where the facts were so overwhelming. And you can say deference and check the boxes, touch the bases, but shame on us if that's all you have to do. Because in this case, we have the facts. We have the evidence. We have the literature. You can throw the experts out. So we're asking for help, and I'll reserve the remaining of my time. Yes, you saved time for rebuttal. Thank you, Mr. Palermo. Ms. Welch? May it please the Court? Before I start on my main argument, I just would like to respond to a couple of points that he made about in the diving industry, it would consider to be an accident. We're looking at the terms of this insurance policy, not what they may say in the when Dr. Nelson opined that it did not have the circumstances that would lead you to conclude there was a gas or air embolism because the insured had traveled with the guy. There was no evidence that he went up too fast or anything. Dr. Caruso responded to that and said that the body of literature in clinical diving medicine and the U.S. Navy diving manual were in disagreement on that point. So he admits the clinical diving medicine disagrees with the U.S. Navy diving manual. And also, one of the authorities that Dr. Caruso, the other thing that didn't lead it to believe that it was an embolism was that he surfaced and he was able to talk when he got to the surface, which Dr. Nelson said is not characteristic of how that situation usually occurs if it's an air embolism. And one of the references on which he relied, Dr. Caruso, was a reference that was entitled the hyperbaric medicine practice, which states when a diver surfaces unconscious, gas embolism must be kept high on the list of possibilities. And that was not the situation here. But as far as going through ruling out every other cause, I don't think you even have to get to that point because I think that they have failed to establish that the insured suffered an accidental injury in the first place. The proof of loss provision of the policy requires the insured to prove the cause of death. That was not done here. The claimant has the burden of the death resulted from accidental bodily injury. I think common sense, and there's case law that supports it, dictates that if the insured's cause of death cannot be determined, then the insured cannot establish that the death was accidental. There was no unusual or unexpected event that occurred, such as a car crash or a drowning. Witnesses recounted that the insured appeared to be having some kind of difficulty once he got in the water. There was no evidence of the rapid ascent. He was able to talk. The cause of the death on the death certificate was listed as undetermined. This was conducted by an independent medical examiner who the court can rely on, had no interest to either party in this case, and it's, you know, considered a credible and independent government report. And basically, the report said that there was sufficient evidence of cardiovascular disease that could have caused the insured's death, but the reason they didn't make that determination was because the dive equipment wasn't available to conclude that it was an accident. So that's finding that there was no cause of death. Unum's doctor, Dr. Golder, looked at it and also agreed that it was plausible that the death could have resulted from cardiac disease that was present, but also because the diving equipment wasn't available concluded that. Dr. Nelson likewise agreed that the cause of death could not be determined based on the evidence that was available. Ms. Hillebrand admits in her pleadings that the cause of death therefore, she's basically asking the court to speculate that the cause and manner of death was accidental. And this is without even considering whether there were any other causes. You can't, if you can't even establish that it's accidentally bodily injury, you don't even get to that point. And there, one of the cases I cited in my brief, the Gorkowski case, you know, the court held that the plaintiff admits that she can't prove what the cause of death was. You can't recover under an accidental death policy. And the facts in that case, I think are somewhat analogous to this. She, the plaintiff suffered from deep vein thrombosis and got on an airplane and rode. Nothing happened on the plane. She gets off and she had a pulmonary embolism. And the court said that's, that's not an accident under an accidental death policy. And I think the same thing, even if, which they have not established that the insurer had a gas or air embolism, they seem to use the terms interchangeably, that it's not, that doesn't even necessarily prove that it's an accident under the terms of this insurance policy. Maybe in the diving industry, that's considered an accident, but they have to follow what the terms of this policy is. Um, the other point, the second prong is if an accidental death were established, which I don't believe it was, then they would have to show that it's not caused or contributed to disease from the body. We're not talking about asking them to pull every possible thing out of the scenario. The man had cardiovascular disease and asthma, both of which are contraindications to diving. And the autopsy report said, looked at it and said the cardiovascular disease could have been the cause of his death on its own. So it's not like some ridiculous burden that they're asking. And those facts show that the plaintiff, um, has not, if you, if you find that there was an accidental injury under the terms of policy, it can't be excluded that it was, um, not contributed to by any other cause. Any questions? All right. Thank you. Ms. Welch. Mr. DeLamro, rebuttal. I talked about whether I proved that it was an accident. Dr. Caruso is my expert, plaintiff's expert. He's a chief medical examiner in Denver, Colorado. He's a board certified forensic pathologist, former captain, U.S. Navy, where he served as a U.S. Navy medical officer and flight surgeon. He's fellowship trained in diving and hyperbaric medicine. He concluded by stating, it is my opinion, Charles Hillebrandt died as a result of complications of an arterial gas embolism he sustained while scuba diving in Mexico and the manner of death is accident. He did not believe that a cardiac event was likely as the EKG performed during the resuscitation of Mr. Hillebrandt demonstrated normal cardiac movement, which is not typical for an individual who suffered a fatal primary cardiac event. So we've met our burden that it's an accident. We have the medical literature. We have a U.S. Navy captain diving medical officer who unequivocally says this is an accident. He does autopsies on similar cases. We had the autopsy report from Houston and there was a lung overexpansion injury observed, although he failed to medically connect that lung overexpansion injury with the medical history because at the time, you know, this flown to St. Luke's in Houston, doing an autopsy, with all due respect, probably checking the boxes, not a diving position, but there was a lung ablial rupture. So that's consistent. I have everything consistent with a diving accident and I'm stuck with having to prove to exclude all other possibilities. That's just simply too onerous. You can never win with somebody that's over like two years old. Because we all have pre-existing conditions. We all have something. We may have stayed up late and drank a lot of caffeine and thus we don't have proper circulation. We may be working too hard underwater and our tissues are not off-gassing properly. There's all sorts of reasons. It's just diving. You can do anything. And I think the Aruda Court kind of dealt with those kind of facts where you can't have that burden or the claimant will never win. We just have to strike out accidental death from the Arisa cafeteria benefits when somebody goes and picks what benefits they're going to have because they'll have to be the luckiest or unluckiest person in the world to be able to succeed. If they have a good lawyer and a system where they touch the bases and make everything look good and deny the benefits because the claimant cannot prove or exclude every other possibility. That's simply unjust. It's not what Congress intended. There's a path. I'm not smart enough to write it for you but there's some people over there on that first row and y'all certainly can because this one is not like any case that you've had before in terms of evidence and this result simply cannot be with the law intended. And I thank you for your time. I'll be happy to answer any questions. Thank you Mr. Palermo. Your case and all of today's cases are under submission and the court is in recess until nine o'clock tomorrow.